TERRI LYNN EWING, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 12835

February 25, 1982          640 P.2d 922

*J. Gregory Damm,* State Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Michael S. Rowe,* District Attorney, Douglas County, for Respondent.

---

## OPINION

*Per Curiam:*

This is an appeal from a judgment of commitment to the Nevada Girls Training Center (NGTC). Appellant contends that the confinement of status offenders with juveniles convicted of criminal acts is unconstitutional. State ex rel. Harris v. Calendine, 233 S.E.2d 318 (W.Va. 1977). Because we hold that appellant's commitment was unlawful under the laws of this state, we need not reach the constitutional issue.

The juvenile court's commitment of appellant, and its exercise of jurisdiction over her were not authorized under the Juvenile Court Act, NRS Chapter 62.[1]

Appellant was adjudicated a child in need of supervision (CHINS) three months before her eighteenth birthday. This adjudication was invalid on several grounds. It was based on a

---

[1]Although we are compelled to analyze this case in some depth to resolve what we perceive to be a substantial jurisdictional issue, the commitment could be reversed solely because appellant was eighteen at the time she was sent to NGTC, and thus was too old to be sent there. NRS 210.580.

petition that did not allege appellant habitually disobeyed reasonable parental demands; but was apparently based on an isolated incident of disobedience.[2] Neither was an allegation made that appellant was in need of care or rehabilitation. *See* A Minor v. Juvenile Division, 97 Nev. 281, 630 P.2d 245 (1981).

Most importantly, appellant was adjudicated to be both a CHINS and a delinquent in contravention of NRS 62.040(1)(b).[3] The order admitting appellant to probation stated that she "is charged with the offense of beyond parental control a felony, gross misdemeanor, or a misdemeanor...."

> This entanglement of charges, weaving bits and pieces of delinquency, status offense and violation of the criminal law, brings about a level of confusion which renders it impossible to sustain any kind of consequent adjudication. Most certainly there is not to be found any jurisdictional basis for a CHINS adjudication.

A Minor v. Juvenile Division, 97 Nev. at 291, 630 P.2d at 251.

Because appellant was invalidly adjudicated a CHINS, the court had no authority to put her on probation for a nondelinquent act. The order of commitment on appeal before us stems from a subsequent adjudication of delinquency based upon an admitted violation of appellant's probation.[4] In the absence of a justification for imposing probation in the first instance, the court had no basis for "bootstrapping" appellant into delinquent status.

The record indicates that the judge believed that he had jurisdiction over appellant until she reaches 21 years.[5] Because we hold that the appellant never committed a delinquent act, she

---

[2]The petition alleged that appellant was beyond parental control because "on or about the 3rd day of December, 1979 . . . she refuses to obey the reasonable and proper demands of her parents."

[3]At the time appellant was found to be a CHINS, this statute provided that CHINS "shall not be considered a delinquent." It was amended during the 1981 Session to read *"must* not be considered a delinquent." 1981 Nev. Stats. ch. 774 § 1, p. 2019. (Emphasis added.)

[4]The petition did not state that appellant was being charged with delinquency under NRS 62.040(1)(c)(2). That defect alone requires a reversal of the adjudication of delinquency. A Minor, *supra.*

[5]"The disposition will range from sending her to Caliente, which I can still do unless she's 21 and which I may do that. . . ."

was not a "child" under the Juvenile Court Act after her 18th birthday when the proceedings below occurred. NRS 62.020(2). Thus, the provisions of NRS 62.070, allowing the extension of juvenile court jurisdiction over "any child" until the "child" reaches 21, do not apply.

Accordingly, we reverse the commitment and order the adjudication of delinquency vacated.