GREGORY C., A MINOR, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 13588

November 10, 1982                                    653 P.2d 152

*Morgan D. Harris,* Public Defender, *Victor John Austin* and *Robert Thompson,* Deputy Public Defenders, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *James Tufteland* and *Thomas Ferraro,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A juvenile court referee designated Gregory C. a child in need of supervision (CHINS) pursuant to NRS 62.040(1)(b). The district court affirmed the referee's finding. Among other contentions, Gregory argues that the state adduced insufficient evidence at the hearing before the referee to support a CHINS finding. We agree, and therefore reverse.

## THE FACTS

After he appeared of his own accord at Child Haven, a home for youths, fourteen-year-old Gregory was charged by petition with being a Child in Need of Supervision (CHINS). The petition did not set forth the specific facts constituting the charge, but stated that "between December 5, 1980 and March 1, 1981, the subject minor has been habitually disobedient and beyond the control of subject minor's parent(s). . . ."

At the hearing on the petition before the juvenile court referee, a March 1, 1981 statement written by Gregory was received into evidence. In the statement, Gregory admitted that he "lied on everyone" and had a "bad temper." He also confessed to an incident concerning his sister's bicycle.

While testifying at the hearing, Gregory admitted that he once took his sister's bicycle with the intent of hiding it at a friend's house. His father testified that Gregory had ridden his sister's bicycle after being told not to do so. The father further charged that Gregory had used glue stored in the garage after having been told "don't bother the can goods in the garage"

and that Gregory had taken papers from one of his father's drawers without his father's permission.

The referee found Gregory to be a Child in Need of Supervision under the provisions of NRS 62.040(1)(b). Gregory appealed to the district court, which affirmed the referee's order. Gregory was placed on six months' formal supervision. This appeal followed.

### THE EVIDENCE DOES NOT SUPPORT THE FINDING OF CHINS STATUS

We have held that single or isolated instances of disobedience are inadequate to support a finding of CHINS status under NRS 62.040(1)(b).[1] *See, e.g.,* Ewing v. State, 98 Nev. 81, 640 P.2d 922 (1982); A Minor v. Juvenile Division, 97 Nev. 281, 630 P.2d 245 (1981). While the evidence in this case indicates that Gregory and his father have difficulty communicating, it does not establish that Gregory "habitually disobeys the reasonable and lawful demands of his parents . . . and is unmanageable." Gregory's statement that he has a bad temper may not support a CHINS finding, as NRS 62.040 does not purport to encompass matters of temperament. Gregory's admission that he "lies on everyone" and the incidents concerning the bicycle, the glue, and the stolen papers do not constitute habitual disobedience as required by the statute.

Because we conclude that the record lacks sufficient evidence to support a finding of CHINS status, we need not reach appellant's other contentions.

Reversed.

---

[1]NRS 62.040(1)(b) defines a child in need of supervision as one who:

(1) Is a child who is subject to compulsory school attendance and is a habitual truant from school;

(2) Habitually disobeys the reasonable and lawful demands of his parents, guardian, or other custodian, and is unmanageable; or

(3) Deserts, abandons or runs away from his home or usual place of abode,

and is in need of care or rehabilitation.